In the Matter of the Application for Disciplinary Action against Richard
**J. RAMAGE.**

No. 8506.

Supreme Court of North Dakota.

Feb. 26, 1969.

Daniel S. Letnes, Grand Forks, for the Grievance Commission of the Supreme Court of the State of North Dakota.

TEIGEN, Chief Justice.

The accused, Richard J. Ramage, was admitted to practice as an attorney and counselor at law in the courts of the State of North Dakota by a certificate of admission dated the twenty-first day of July, 1961, and was duly licensed as an attorney at law in this State for the year 1968. Complaint against the accused, Richard J. Ramage, was made to the Grievance Commission of the Supreme Court of the State of North Dakota. The complaint was referred, pursuant to the Supreme Court Rules of Disciplinary Procedure, to Grievance Committee No. 1 for investigation. This Committee concluded its investigation and made its report to the Grievance Commission on April 19, 1968. The Grievance Commission of the Supreme Court, having considered the complaint and the report of Grievance Committee No. 1, and having examined the exhibits accompanying the report, made its report and findings on the ninth day of August, 1968, and submitted them to this Court, together with a formal complaint against the said Richard J. Ramage, incorporating the committee report and exhibits. The formal complaint prays that a hearing be set on the charges contained in the formal complaint and that this Court take such action as it deems proper, and as justice shall require. The formal complaint was ordered filed by this Court and the Grievance Commission instructed to conduct the prosecution of the formal complaint. The Grievance Commission appointed Daniel S. Letnes, attorney at law, of Grand Forks, North Dakota, to prosecute said formal complaint. The summons, formal complaint, report and findings of the Grievance Commission, dated August 9, 1968, the report of the investigation of the Grievance Committee No. 1, dated April 19, 1968, a photo copy of criminal information naming the said Richard J. Ramage as defendant, and the order suspending imposition of sentence were duly served upon the said Richard J. Ramage, as evidenced by his admission of service thereof, on file herein, dated September 20, 1968. The said Richard J. Ramage, respondent, failed to answer to the complaint, as required by the said summons, whereupon the attorney for the Grievance Commission of the Supreme Court moved for judgment upon the pleadings and served a notice of motion, the motion, and affidavit in support thereof upon the respondent, Richard J. Ramage, by certified mail, on December 18, 1968. The said notice of motion set the matter for hearing before this Court on the fourteenth day of January, 1969, at the hour of ten o'clock a. m. The said matter came on for hearing, pursuant to the notice of motion. There appeared at said hearing Daniel S. Letnes, attorney for the Grievance Commission, and there being no appearance by the respondent, Richard J. Ra-

mage, or anyone on his behalf, whereupon the attorney for the Grievance Commission moved for judgment on the pleadings and for an order disbarring the said Richard J. Ramage, terminating and cancelling his right and license to practice law in the State of North Dakota.

The Court having duly examined the pleadings and the proof submitted in support thereof, finds that the said Richard J. Ramage was admitted to the bar in the State of North Dakota, and a certificate of admission to said bar was issued on the twenty-first day of July, 1961, and that he had secured a license to practice law and was duly licensed in the year 1968.

That on the sixth day of February, 1968, the said Richard J. Ramage entered a plea of guilty to the crime of embezzlement before the District Court of Cass County, North Dakota. The crime of embezzlement is a felony. That in lieu of a sentence the said District Court of Cass County deferred the imposition of sentence and judgment against the said Richard J. Ramage for a period of five years, according to the provisions of Chapter 12–53, N.D.C. C., as amended, and placed him under the control and management of the North Dakota Parole Board. The criminal information charging the said crime of embezzlement and to which the said Richard J. Ramage entered a plea of guilty, alleges that he was an agent of the State's Attorney of Cass County, North Dakota, and that by virtue of and in the course of his duty as such agent he collected, received, obtained, and had in his possession, custody and under his control, a certain check drawn on the Merchants National Bank & Trust Company, dated July 13, 1967, in the sum of $390.10, made payable to the Cass County State's Attorney; that he, the said Richard J. Ramage, so having in his custody and under his control as such agent the said check, then and there did willfully, unlawfully, feloniously and fraudulently appropriate and convert to his own use the said check and the proceeds thereof. In accordance with the contents of a transcript of the proceedings before the District Court of Cass County in the criminal proceeding described above, the State's Attorney of Cass County advised the Court that Richard J. Ramage, as his assistant, was in charge of handling illegitimacy proceedings and that, in so doing, made collection of various amounts of money, from time to time, to pay hospital and medical bills for the mothers of illegitimate children. That, according to his figures, there was about $2,000 collected by the said Richard J. Ramage which he appropriated to his own use and did not apply for the intended purpose of making payment of hospital and medical bills. In open court the said Richard J. Ramage, having heard the statements of the State's Attorney, stated that he agreed with what had been said. The District Court of Cass County, in deferring the imposition of sentence, as a condition to the continuation thereof, directed that the said Richard J. Ramage make restitution of such amounts.

Section 27–14–02, N.D.C.C., provides that the certificate of admission to the bar of this State of an attorney and counselor at law may be revoked or suspended by the Supreme Court if he has committed a felony, or any other act which tends to bring reproach on the legal profession.

Under the circumstances, this Court can do no less than direct an entry of a judgment that the said Richard J. Ramage be disbarred, to wit, that his certificate of admission to the bar of the State of North Dakota be revoked. It is so ordered.

STRUTZ, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.